10-532-ag (L)
Dedi v. Holder

BIA
A078 519 705
A098 358 211
A098 358 212
A098 358 213

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand twelve.

PRESENT:
> ROSEMARY S. POOLER,
> BARRINGTON D. PARKER,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

DAVID DEDI, also known as ANTONIO DI MEGLIO, ALBINE DEDI, KLODJANA DEDI, XHULIO DEDI
> *Petitioners,*

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

10-532-ag(L);
10-2639-ag(Con)
NAC

_____

FOR PETITIONERS:      Nicole K. Trivlis, Carmel, N.Y.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Luis E. Perez, Senior Litigation Counsel; Briena L. Strippoli, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

David and Albine Dedi and their children Klodjana and Xhulio, natives and citizens of Albania, seek review of the January 21, 2010, and June 10, 2010, decisions of the BIA denying their motions to reopen. *In re David Dedi,* No. A078 519 705 (B.I.A. Jan. 21, 2010); *In re Albine Dedi, Klodjana Dedi, Xhulio Dedi*, Nos. A098 358 211/212/213 (B.I.A. June 10, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). We review for substantial evidence the BIA's evaluation of country conditions evidence submitted with a motion to reopen. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

2

It is beyond dispute that petitioners' motions to reopen were untimely, as they were filed nearly six years after the agency's order of removal became final in Mr. Dedi's case and nearly two years after the agency's order of removal became final in Mrs. Dedi's case.  *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2).  This time limitation does not apply, however, to a motion to reopen asylum proceedings that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C). Here, petitioners argue that they demonstrated changed conditions in Albania and that the BIA failed to adequately consider the evidence they submitted in support of their motion.

Contrary to petitioners' argument, there is no indication that the BIA ignored any evidence they submitted, given that the BIA explicitly referred to their evidence in its decision.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) (presuming that the

3

agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

In declining to find changed country conditions, the BIA reasonably determined that the letters from five individuals in Albania were not sufficient because they were the same conditions that were alleged at the time of the initial hearing, and no other objective evidence was submitted. While the fact that evidence submitted in support of changed country conditions is of the same type that motivated a petitioner's claim of asylum initially is not always enough, on its own, to preclude a finding of changed country conditions, *see Poradisova v. Gonzales*, 420 F.3d 70, 81-82 (2d Cir. 2005)(finding that even where same conditions existed at the time of original asylum application, BIA must consider the evidence in the record in determining whether there was a change in intensity, if not type, of country conditions), the BIA was within its discretion to conclude that the five affidavits did not constitute material evidence of changed circumstances.

Petitioners also contend that the BIA erred in finding that the motion did not address the underlying adverse credibility determination made by the IJ at Mr. Dedi's

4

merits hearing and in failing to grant their claim for humanitarian asylum; they further argue that they established their *prima facie* eligibility for withholding of removal and relief under the Convention Against Torture. Because the BIA reasonably determined that Petitioners did not establish changed conditions in Albania, and thus did not abuse its discretion by denying the motion as time-barred, we need not reach these issues.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5